# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

CRYSTALEE C. PROTHEROE,        )
                               )
         Plaintiff,    )
                               )
v.                             )   Case No. 18-cv-2128-JAR-TJJ
                               )
JOSEPH J. MASARIK,             )
                               )
         Defendant.    )

## REPORT AND RECOMMENDATION

      Crystalee C. Protheroe, proceeding *pro se*, filed this action against her former husband, Joseph J. Masarik, alleging he made false and misleading claims to unlawfully gain custody of their minor children. Plaintiff asserts this court has subject matter jurisdiction based on numerous statutory and constitutional grounds as well as diversity of citizenship. This matter comes before the Court on Plaintiff's Motion to Proceed Without Prepayment of Fees (*in forma pauperis*) (ECF No. 3). Section 1915 of Title 28 of the United States Code allows the court to authorize the commencement of a civil action "without the prepayment of fees or security therefor, by a person who submits an affidavit . . . [if] the person is unable to pay such fees or give security therefor." To succeed on a motion to proceed *in forma pauperis*, the movant must show a financial inability to pay the required filing fees. The decision to grant or deny *in forma pauperis* status under § 1915 lies within the "wide discretion" of the trial court.

      Plaintiff has failed to show a financial inability to pay the required filing fee. Plaintiff lists her salary as $81.00 per week and states that she receives $358.00 monthly in Social Security benefits and $408.00 monthly in VA disability benefits. She lists monthly expenses which exceed those three sources of income. However, although Plaintiff also states that she is married, her affidavit in this case does not provide information for her husband's income. In

another case Plaintiff filed in this court just two weeks later and in which she also seeks to proceed *in forma pauperis*,[1] she states that her spouse is a train driver for BNSF, and the income tax return attached to her affidavit shows their combined 2016 income was $57,056.00.[2]  In addition, Plaintiff lists two late-model vehicles she and her spouse own, and they own their own home.  In making the determination whether Plaintiff may proceed *in forma pauperis*, "the Court may consider the total monetary resources available to assist Plaintiff, and 'it is appropriate to consider a spouse's income.'"[3]  Accordingly, after reviewing Plaintiff's motion and the accompanying affidavit, the undersigned Magistrate Judge finds the motion to proceed *in forma pauperis* should be denied, and will make such recommendation.

When a party seeks to proceed without the prepayment of fees, § 1915 requires the court to conduct an initial review of the party's complaint.[4]  The court must dismiss the case if the court determines that the action (1) is frivolous or malicious, (2) fails to state a claim upon which relief

---

[1] *Protheroe v. Masarik*, Case No. 18-cv-2147-JAR-TJJ.

[2] ECF No. 3-1 at 7.

[3] *Dow v. Colvin*, No. 4:13-CV-299-A(BJ), 2013 WL 1952092, at *1 (N.D. Tex. April 15, 2013) (quoting *Muhammad v. Louisiana Attorney Disciplinary Bd.*, No. 09-3431, 2009 WL 3150041, at *1 (E.D. La. Sept. 25, 2009)).

[4] The statute requires such screening in all cases where a party seeks to proceed *in forma pauperis*, and not only in cases where the court grants the motion.  *Franklin v. Kramer*, No. C 12-06335 LB, 2013 WL 120404, at *1-2, (N.D. Cal. Jan. 8, 2013) (screening case under § 1915(e)(2) after denying motion to proceed *in forma pauperis*); *Palazzolo v. University of Michigan Hosp.*, No. 10-10650, 2010 WL 1780958, at *1 (E.D. Mich. April 30, 2010) ("[Section] 1915(e)(2)(B) provides that, in cases when a plaintiff is proceeding, or attempting to proceed, *in forma pauperis*, the court shall dismiss the case at any time if the court determines that the action is frivolous or fails to state a claim upon which relief can be granted."); *Price v. United Postal Serv.*, No. 01 C 3645, 2001 WL 585512, at *1 (screening case under § 1915(e)(2) after denying motion to proceed *in forma pauperis*).

may be granted, or (3) seeks monetary relief from a defendant who is immune from suit. The purpose of § 1915(e) is to "discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11."[5]

Fed. R. Civ. P. 8(a)(2) requires that a complaint provide a "short and plain statement of the claim showing that the pleader is entitled to relief." Additionally, the complaint must state more than "labels and conclusions" and "[f]actual allegations must be enough to raise a right to relief above the speculative level."[6] Because Plaintiff proceeds pro se, her pleadings are liberally construed.[7] Liberal construction, however, "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based."[8]

Plaintiff acknowledges that she has previously filed this action or a substantially equivalent complaint in this court. In 2016, Plaintiff filed a complaint against a number of defendants including a Kansas District Court judge; Kansas state government employees involved in state court proceedings concerning Plaintiff and custody of her children; and Defendant herein, Joseph Masarik,[9] That case was dismissed for failure to state a claim upon

---

[5] *Trujillo v. Williams*, 465 F.3d 1210, 1216 (10th Cir. 2006).

[6] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

[7] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[8] *Id.*

[9] *Protheroe v. Pokorny, et al.*, Case No. 16-cv-2387-CM-JPO.

which relief can be granted.[10]  As the order of dismissal in that case states:

> "It is well-established that federal courts lack jurisdiction over the whole subject of domestic relations of husband and wife, and parent and child." Hunt v. Lamb, 427 F.3d 725, 727 (10th Cir. 2005) (quoting Ankenbrandt v. Richards, 504 U.S. 689, 703 (1992) (quoting In re Burrus, 136 U.S. 586, 593–94 (1890))). This is not a removal action from state court, but plaintiff's claims and especially the facts she describes, read like a list of complaints about the outcome of the state court divorce and child custody proceedings. To the extent plaintiff is trying to raise substantive issues regarding the divorce and child custody proceedings, this court does not have jurisdiction.[11]
>
> Plaintiff does cite several federal laws, including the "4th, 5th, 6th, 9th, and 14th [Amendments and] 42 U.S.C. 1981; 1983; 1984; 1985; 1986; 18 USC 241 & 242; the United States [C]onstitution and state and federal laws, and . . . Articles I, II, V, VI, VII, IX, XVIII, and XXIV of the American Declaration" (Doc. 1 at 8–9). But plaintiff does not state a claim for relief under any of these laws. She generally does not explain which defendant allegedly violated which right, or explain the who, what, where, when, or how such violations occurred.[12]

Here, the only allegation Plaintiff makes against Defendant is that he "made false and misleading claims in order to unlawfully gain custody of the minor children."  "Federal courts may abstain or decline from deciding an issue in order to preserve traditional principles of equity, comity and federalism.  Such discretion is particularly appropriate where the state has a strong interest and competence in dealing with the subject matter at issue, such as child custody

---

[10] *See* Order dated November 18, 2016 (ECF No. 60) in Case No. 16-cv-2387-CM-JPO.

[11] *Id.* at 6.

[12] *Id.* at 7.  In her current complaint, Plaintiff states that she is a citizen of the state of Kansas and Defendant is a citizen of the state of Alabama, which would create diversity. However, diversity of citizenship cannot create subject matter jurisdiction for a domestic relations matter.

and domestic relations matters."[13]  Here, there is no question that the subject of Plaintiff's allegations falls within the ambit and expertise of the state courts.  The complaint reveals no facts which would support the District of Kansas having jurisdiction over Plaintiff's claim against Defendant.  By failing to adequately plead, Plaintiff has failed to state a claim against Defendant upon which relief can be granted.

Accordingly, the undersigned U.S. Magistrate Judge recommends that Plaintiff's motion to proceed *in forma pauperis* be **DENIED**, and that Judge Robinson **DISMISS** this action.

Plaintiff is hereby informed that, within 14 days after she is served with a copy of this report and recommendation, she may, pursuant to 28 U.S.C. § 636(b)(1) and Fed R. Civ. P. 72, file written objections to the report and recommendation. Plaintiff must file any objections within the 14-day period allowed if she wants to have appellate review of the recommended disposition. If plaintiff does not timely file her objections, no court will allow appellate review.

A copy of this report and recommendation shall be mailed to Plaintiff by certified mail.

IT IS SO ORDERED.

Dated this 12th day of April, 2018, at Kansas City, Kansas.

_____
Teresa J. James
U. S. Magistrate Judge

---

[13] *Reeves v. Warren County*, No. 4:08CV1708CDP, 2008 WL 5171346, at *1–2 (E.D. Mo. Dec. 9, 2008) (internal citations omitted).