IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CRYSTALEE C. PROTHEROE,

    Plaintiff,

    v.

JOSEPH J. MASARIK,

    Defendant.

Case No. 18-CV-2128-JAR-TJJ

**MEMORANDUM AND ORDER**

Plaintiff Crystalee C. Protheroe, proceeding *pro se*, filed this case on March 19, 2018 against her former husband, Joseph J. Masarik. Plaintiff alleges that Defendant made false and misleading claims to unlawfully gain custody of their minor children. Plaintiff asserts that this Court has subject matter jurisdiction based on numerous statutory and constitutional grounds as well as diversity of citizenship. On April 1, 2018, Plaintiff filed a second case involving the same parties and similar claims as in this case.[1] Plaintiff sought leave to proceed *in forma pauperis* in both cases.

On April 12, 2018, Magistrate Judge Teresa J. James filed a Report and Recommendation in each of Plaintiff's two cases (Doc. 6 in this case), with identical recommendations for both. Judge James recommended that the Court deny Plaintiff's Motion for Leave to Proceed *in forma pauperis* (Doc. 3 in this case) and dismiss the action for failure to state a plausible claim. Rather than filing written objections within 14 days after being served with Judge James's Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72, Plaintiff filed a "Motion to Combine" this matter with her other, later-filed case

---

[1] *Protheroe v. Masarik*, Case No. 2:18-cv-2147-JAR-TJJ.

1

(Doc. 8). Plaintiff filed written objections to Judge James's Report and Recommendation only in her other case.[2] Her Motion to Combine in this case requests that her "objections for both [cases] be combined to consolidate the cases under Case No. []18-cv-2147-JAR-TJJ."[3] Thus, the Court construes Plaintiff's Motion to Combine as incorporating and adopting the arguments set forth in her Objections and Response to Report and Recommendation of Dismissal in Case No. 18-cv-2147-JAR-TJJ.

On May 7, 2018, after a *de novo* determination upon the record pursuant to Fed. R. Civ. P. 72(b), the Court overruled Plaintiff's objections in Case No. 18-cv-2147-JAR-TJJ, adopted Judge James's Report and Recommendation as its own, denied Plaintiff's motion for leave to proceed *in forma pauperis*, and dismissed Plaintiff's claims without prejudice for lack of subject matter jurisdiction.[4] The same result is warranted here.

The Court has reviewed Judge James's analysis in this case and, after a *de novo* determination upon the record, agrees with the proposed disposition of Plaintiff's Complaint. Plaintiff previously filed a civil action in 2016, 16-cv-2387-CM, against a number of defendants including a Kansas District Court Judge and state government employees involved in the state court proceedings concerning Plaintiff and the custody of her children, as well as her former husband Masarik. That case was dismissed by Judge Murguia for failure to state a claim upon which relief can be granted; although Plaintiff listed various federal statutes and constitutional rights, she did not state a claim under any federal statute against any named defendant for which relief may be granted in federal district court.[5] Judge Murguia cited the tradition of federal courts avoiding review of substantive state law claims, especially in domestic relation cases such

---

[2] *Id.*, Doc. 6.
[3] Doc. 8.
[4] *Protheroe v. Masarik*, Case No. 2:18-cv-2147-JAR-TJJ, Doc. 8.
[5] *See Protheroe v. Pokorny,* Case. No. 16-cv-2387-CM, Doc. 60.

as the 2016 case brought by Plaintiff.

Judge James accurately notes that in this action, the only allegation Plaintiff makes against Defendant is that he made "false and misleading claims in order to unlawfully gain custody of the minor children," and that "[f]ederal courts may abstain or decline from deciding an issue in order to preserve traditional principles of equity, comity and federalism. Such discretion is particularly appropriate where the state has a strong interest and competence in dealing with the subject matter at issue, such as child custody and domestic relations matters."[6] Consequently, there is no question that the subject of Plaintiff's allegations falls within the ambit and expertise of the state courts, and that Plaintiff's Complaint fails to allege facts that would support this Court having jurisdiction over her claim against Defendant.

In her objection, Plaintiff maintains that Defendant's conduct has deprived her of her constitutional, federal, and human rights, citing several cases where plaintiffs successfully brought actions involving parental and familial rights.[7] But those cases can be distinguished as they involved challenges to specific statutes or procedures, or claims under 42 U.S.C. § 1983 against defendants who were acting "under color of state law."[8] In this case, Plaintiff's claims are against her former husband, a private citizen, and thus this Court cannot exercise federal jurisdiction over this lawsuit.[9]

---

[6] Doc. 6 at 4–5 (citing *Reeves v. Warren Cty.*, No. 4:08VV1708CDP, 2008 WL 5171346, at *1–2 (E.D. Mo. Dec. 9, 2008)).

[7] Doc. 7.

[8] *See, e.g., Troxel v. Granville*, 530 U.S. 57, 72–74 (2000) (holding state nonparental visitation statute unconstitutionally infringed on parents' fundamental right to make decisions concerning the care, custody, and control of their children); *Hardwick v. Cty. of Orange*, 844 F.3d 1112, 1120–21 (9th Cir. 2017) (denying social workers' motion for summary judgment based on absolute and qualified immunity in § 1983 action brought by child alleging county social workers maliciously used perjured testimony and fabricated evidence in juvenile dependency proceedings that resulted in mother losing custody of child); *In re Marriage of Hutchinson and Wray*, 281 P.3d 1126, 1131 (Kan. Ct. App. 2012) (discussing procedural due process right to evidentiary hearing prior to ruling on case manager's recommendations in child custody dispute).

[9] *See Lay v. Otto*, 530 F. App'x 800 802–03 (10th Cir. 2013) (dismissing plaintiff's lawsuit "without prejudice for lack of subject-matter jurisdiction" because, where plaintiff failed to establish plaintiffs were acting under color of state law, his "§ 1983 claim did not support the district court's exercise of federal jurisdiction over the

3

Accordingly, this Court agrees with Judge James's conclusion that Plaintiff has failed to establish subject matter jurisdiction over her claims against Defendant and failed to state a claim upon which relief may be granted. Plaintiff's Complaint must contain a plausible claim, and in this case, it falls far short and dismissal is warranted under § 1915(e)(2)(B)(ii).

**IT IS THEREFORE ORDERED** that Plaintiff's objections to Judge James's April 12, 2018 Report and Recommendation are overruled and Plaintiff's Motion to Combine (Doc. 8) is **denied** as moot. The Court adopts Judge James's Report and Recommendation (Doc. 6) and, accordingly, Plaintiff's Motion to Proceed *in forma pauperis* (Doc. 3) is **denied** and Plaintiff's claims are **dismissed without prejudice** for lack of subject matter jurisdiction.

**IT IS SO ORDERED.**

Dated: May 8, 2018

S/ Julie A. Robinson
JULIE A. ROBINSON
CHIEF UNITED STATES DISTRICT JUDGE

---

lawsuit").